It pleases the court, Viv Mittal on behalf of the United States. I'd like to reserve three minutes for rebuttal. This case is on appeal for two reasons. The district court in this case erred when it granted the defendant's post-trial Rule 29C motion without properly applying the deferential standard review articulated in Jackson and Nevels. The district court also erred when Sula Sponte conditionally granted the defendant's new trial motion under Rule 33 on a basis not stated in defendant's motion. Well, maybe we could just start with that last statement you just made. Because I understood the argument and I agree with you that it's kind of an unsettled question, but then when I looked again at the actual motion, I guess this is GER 750, maybe you could just take a look at the language. So he says, this is the thing that's actually titled the motion, right? It's a combined motion for, combined Rule 29 and Rule 33 motion. So on that second page, page two, he says he renews his motion for judgment of acquittal, so that's the first motion. He says he also moves to the court for a new trial, right? And then he says, these motions are made on the grounds that the government's evidence is insufficient. And that's obviously the ground that the district court ultimately granted him a new trial on. So I guess I'm stuck right there with the basis for your argument on the Rule 33 motion. Your Honor, I think in response to looking at that, I do see that there is some ambiguity about what the defendant was moving on. In looking at GER 750. What do you mean by ambiguity? It says these motions, meaning the motion for judgment of acquittal and the motion for new trial, are made on the grounds that the government's evidence is insufficient. Well, I would take that in the context of the memorandum points in authority. If you take the motion as stated by Your Honor, as well as in conjunction with the analysis that was conducted, the first four sections were focused on the sufficiency of the evidence applying a Rule 29 standard. Right. Which, if he meets that, obviously he meets the Rule 33 standard. Well, Your Honor, I would also, I think the important thing to consider is an insufficiency of the evidence argument can only be brought under a Rule 29 motion. To the extent that he was arguing or the district court found that there was insufficient evidence, that would only weigh in a Rule 29 motion proceeding. It wouldn't affect whether the court could grant a Rule 33 motion. Well, that's a recognized ground for a Rule 33 motion, that the evidence preponderates heavily against the verdict. Right, Your Honor. I think that's a different standard than... A lower standard. That's my point. There's nothing more to argue. After you've argued your Rule 29 motion, there's nothing more to argue from the standpoint of the sufficiency of the evidence. Your Honor, we would submit that he didn't make the argument that the weight of the evidence was against the verdict. He made an argument... Well, essentially he did by saying there wasn't any evidence to support the verdict that encompasses the weight of the evidence. If you say 100% of the weight is on one side, that is another way to say the preponderance is on that side. But I guess my question is, in terms of the procedural issues, do we even have to grapple with those if we were to conclude that there was sufficient evidence to support the verdict? Do we have to get into the niceties of what you're describing as procedural errors? With respect to the Rule 33 motion, Your Honor, I guess we'd have to kind of figure out where we are in terms of the argument. If there is sufficient evidence, that would also support reversing the Rule 33, in that the court could find that the district court abuses discretion in concluding that the evidence was against the weight of the verdict. You have a very steep burden to meet in showing... I think it's like a manifest abuse of discretion on that ground, right? The judge gets to weigh the evidence, evaluate credibility, the whole nine, right? Yes, Your Honor, but I don't think that's what the district court did here. The analysis was purely focused on Rule 29 standards. The analysis repeatedly focused on, is there sufficient evidence that a rational jury could find the defendant guilty? There wasn't the type of weighing that we would expect if the argument was that the verdict was against the weight of the evidence. I would submit that in our briefing, we had laid out what we believed was the defendant's argument and framed it as it appeared in the memorandum in points of authority, putting aside this one statement in the motion. And there was no objection that we were moving, we were improperly construing the defendant's motion. I think there would have been some unfairness to the government in not being able to even at least address the issue of credibility of the witnesses. There was no analysis in the order that any of the officers or any of the government's witnesses lacked credibility or that they... Oh, I agree with you on that. And I'm saying, I guess, that once the district court says there's not even enough evidence here to allow this verdict to stand, I think I have to enter a judgment of acquittal for the defendant, right? There's nothing more the judge then needs to do to say that the evidence is also insufficient with respect to this lower standard under Rule 33, is there? Your Honor, I would submit that I believe that is a different argument. The argument about whether the weight of the evidence preponderates against the verdict. I say there is no evidence to support this verdict, right? Granted Rule 29. What's my analysis supposed to be under Rule 33 at that point? Your Honor, I think, I guess this gets back to the government's position that there was no ground presented in that way. Was there a Rule 29 ruling? Did the court make a ruling on the Rule 29? Yeah. At 1128, it says the court grants Mr. Hiley's motion for a judgment of acquittal under Rule 29. I'm paraphrasing. But then she goes on to say, in the interest of justice, conditionally, I'll grant a motion for new trial in case I'm reversed on appeal. Now, is that a valid ground for a conditional grant of Rule 33? Your Honor, I would point to the United States v. Crow. It's 563 F3rd 969 972-73. I think there the Ninth Circuit articulates that, and if the sufficiency of the evidence argument is only under Rule 29. It is not brought under Rule 33. Right. But I guess what she's saying is, I think this guy should be acquitted. I think this whole case should just be wiped out. But if the Ninth Circuit disagrees with me, I'm going to give him a new trial instead of reinstating the verdict. Can she do that? Your Honor, the government submit, based on a Rule 29 analysis, no. There was no finding here of a manifest injustice that would be required under a Rule 33 standard. There was no evidence here in the district court's analysis that there was any sort of injustice that typically would support a Rule 33 grant. Would you explain to us why you think the Rule 29 ruling was erroneous? Yes, Your Honor. I would first point to the evidence in the government's case. We would submit that, looking at the government's case alone, there was sufficient evidence to. . . The issue essentially is whether the defendant had knowledge and control of the contraband that was found in the motel room. There's three types of evidence that the government submitted that would support the jury's verdicts. There was his actions that day. I think the strongest piece of evidence was the fact that he used the key and entered the room. That evidence is the control of the premises. In addition, he had a guest visit him two minutes later, suggesting that a meeting was set up before he got there. In addition, there was expert testimony that drug deals typically take place or can take place in short periods. The jury could infer from that that this was an arranged meeting to transact the drugs. And then he remained in the room by himself. This wasn't a large room or a place with multiple rooms. It was a studio-sized motel room where there was a nightstand set up with a digital scale and plastic baggies. And the way that the nightstand had been turned would have been apparent to anyone in the room that someone had been sitting there doing something with that digital scale and plastic baggies. In addition, after the defendant left, the surveillance video approximately ends about 10.30. And then less than five minutes later, an officer states that he's going to keep eyes on the door. And another officer relieves him, maintaining surveillance on the door, suggesting that no one else entered or exited after he left. Which officer was that? The relieving officer was Officer Anthony White. Who was the previous one? Officer Beal. And he didn't get called the second time? He was not called in the retrial. Why not? It was a strategic decision on behalf of the government. We elected not to call him. We believed that we could prove the case without calling him as a witness. Were you the trial attorney? Yes, Your Honor. And so what happened at that first trial with him? Your Honor, he testified. There was a heavy amount of cross-examination. And in light of what occurred in the first trial, we thought it would be better to kind of cull down the case and go forward without Officer Beal being called in the retrial. It doesn't really matter what happened in the first trial, other than our own curiosity. I mean, logically, either this trial, there was enough evidence or there wasn't, right? Yes, Your Honor. We would submit the record stands on the second trial. I'm just trying to figure out why the first jury came 10-2 for acquittal and this jury convicted. The only difference I saw was that you didn't call Beal the second time and you did the first. But is there something? Maybe I became a better trial lawyer. I think, you know, we culled down the case, and I think that did help in the presentation to the jury. I think the cat was kind of out of the bag in some of the strategic moves by both sides. So I don't think there was as much surprises that came up in the second trial, which I think helped with some of the cross-examination. I think we were able to front some things that we didn't know were going to be coming, and I think some of those things helped us anticipate what was going to happen. But in terms of the largest change in the case, I would agree that not calling Officer Beal was the biggest change. Can I ask this? When you rested your case in chief, in terms of the choice the jury was going to have to make, was it basically just whether the mother or the defendant controlled that room, or were there other players who were involved at that point? Arguably, there was the man who came and left for two minutes. Okay, but put him aside. Yeah. But is someone else who could in theory at least have been the one operating the storefront out of the room? In the government's opinion, there wouldn't be any logical inference based on what was seen. There was less than a five-minute gap when the door was not seen. If the jury wanted to infer that in those five minutes someone came and set up the room in a way, then that's possible. But other than that, it would be basically the registration ticket which showed his mother's name and then the defendant's items that were found in the room, his control of the room using the key, as well as- Men's clothing and no women's clothing in the room. Yes. And Viagra, which is typically used by men and not women. And it had his name on the bottle in his prescription. Your Honor, I did want to reserve some time for rebuttal, but I did want to address one thing with respect to the Rule 33 motion. I think we do still stand on the argument that the district court granted on a ground not presented. I would just point the court to the amendments that apply to that in 1996 and the civil rule equivalent under 59D, where I think the rule is clear that the district court has the authority to grant a new trial when the ground is not presented. In light of that, I think the double jeopardy concerns still apply, especially here where the one ground presented was admission of an- But it wasn't. I mean, I just don't know how much clearer he could have made it in the motion that he was moving on both grounds. I think there could have been an analysis in the memorandum of points of authority. Yes. He could have had a separate argument heading that said, see above, I get a new trial too. That's all that he would have needed to say. There's no analysis in the memorandum that discusses that standard of the weight of the evidence being against the verdict. Let me ask you another question. At the close of the case in chief, if I'm remembering this right, the district court denied the Rule 29 motion at that time. Yes, Your Honor. Okay. What effect, if any, does that have on the court's later decision to grant the Rule 29 motion at the end of the case? Is it just irrelevant or does it have any bearing? I think, Your Honor, it does have a bearing on whether he waived his objection to that first trial or to that first Rule 29 motion. I think by presenting evidence, the law is clear that he's waived his objection to that first motion. And I think the Rule 29 has been interpreted that the court should look at it at the time it's made, the evidence submitted. And so this motion was presented at the close of both cases. So the district court should have looked at the entire case, both government's case and the defense case. Do you think the district court did not do that? I think it explicitly stated it didn't. In the alternative, it did not. It stated it did not. It did not consider the defense case. And then in the alternative, it laid out some of the evidence. But nearly all of that evidence that it pointed out was actually in the defense's favor and not in the government's favor. But we don't need to reach that because just on your case in chief alone, you think you had enough, right? Yes, Your Honor. I mean, I don't even know what the defense case really added that you didn't already have, actually. I think it just corroborated what circumstantially we were inferring from his actions where he said that I used the room key and no one else was there, whereas from the video, the jury would have to infer that. I think the one piece of evidence that the defendant's mother did bring in was that she bought a similar Nike shoebox to the one found with the gun and as well as near the drugs. I think that kind of further showed that he was tied into it. And you were able to question the mother about her lack of knowledge of where the... Yes, she had almost no recognition of the room or the contents. I would reserve time for that. We'll give you a minute. We've taken a lot of it for questions, so we'll give you a minute for about a moment. Thank you. Good morning, Your Honors. Myra Sun for Mr. Hiley. This case involved about an hour's worth of surveillance on one day and a man who was in a room for 14 minutes. There was nothing before that day or during that day that told us that my client set up the room to look the way it did when officers entered, that my client had been there before to set the room up, that my client had brought that contraband in, and indeed the video shows that he was pretty much empty-handed. The one piece of evidence we have... But doesn't that support an inference that he brought things in earlier or that it permits that inference? Not when the government has presented no historical background. And when we talked about the sufficiency of the evidence, in part in our brief, Your Honor, we talked about comparisons to cases. Motel rooms are commonly used for different kinds of crimes, and I think that that's an important distinction here. Well, he had a key. He had a key. And he had his clothing and his medication there. In the bathroom or in the closet, in different parts of the room, which was a distinction that the court made in her ruling, which I think is proper under the cases. I understand that there were certain items there and that that's some evidence. Whether it is sufficient evidence to show his dominion and control over the contraband in the room, Your Honor, is different. But the contraband was in an open part of the room, though. No, actually it wasn't. Some of it was in a drawer in a closed nightstand, and some of it was on a lower shelf. And Officer White, one of the two officers who testified at the second trial, said that he spent some time in the room when they were waiting for the search warrant, and he did not see the items on the lower shelf, which consisted of a glass plate and I think some white residue. But they were in plain view. They were not hidden away. The items weren't hidden away. The way the room was, the way the furniture was arranged, Officer White was in there for some time and didn't see the items. But he didn't have to open a drawer. He didn't have to go into a backpack. He didn't have to open. To see the evidence on the lower shelf? Right. To see the evidence on the lower shelf, I think he would have had to maneuver around to look. The drawer, obviously he would have had to open. What was openly present on the top of the nightstand, I think, was a scale and some baggies. And that is, I think, what the government means when it talks about contraband in plain view. We reviewed this with the evidence in the light most favorable to the government. Yes. What does that do to your argument? The government, I think the issue in this case is really the burden on the government. Excuse me. The evidence that existed at the close of the government's case and then the evidence that existed at the close of the defense case. Do you think the evidence was stronger after the defense case? For the government? Yes. No, I don't think so. Let me start with the government. Go ahead and answer Judge Rawlinson's question, and then I want you to come back to my question about the effect of the denial of the first Rule 29 motion. But answer Judge Rawlinson first. I'm sorry, I'm going to have to ask what the question was. I'm sorry. I apologize. Oh, dear. I forgot what I asked now, too. I asked you if the evidence was stronger for the government after the case, and you were telling me what the standard of review did to your case with the evidence being considered in the light most favorable to the government. Right. Okay. The government's evidence at the close of its case, and I'll just start with what was at the close of its case, was, as I said, with all due respect, one hour's surveillance of somebody who entered a room and was there for 14 minutes with no historical background such as surveillance of that room before that day or before that day, like the week before even, no evidence that he had taken dominion and control of that room on any other time. And the government is trying to shrink this case down to a small room and somebody was in it for 14 minutes. But if you look at the evidence in the light most favorable to the government, that's what you would do. No, the government can try to shrink the case down, but proof beyond a reasonable doubt requires that my client exerted dominion and control over the contraband in the room. And for the evidence to be sufficient to show that he did that, we believe that historical background should have been presented. And it was absent. One can always find opportunities to have made a stronger case, but that isn't the question in front of us either. If the evidence was sufficient to allow an inference that Mr. Hiley had dominion and control over the entirety of the room and its contents, wouldn't that suffice? No, because one of the cases both sides cited was United States v. Terry. And also the constructive possession cases in general tell us that a person can be in a room, a person can be in a room in close quarters. There may be contraband there. The issue is the person's knowledge of the presence of the contraband. And that's why, if it's hidden, the view matters. That's why the size of the room matters. Well, it also is why there has to be something more than proximity. Well, there is more than proximity. He's got a key. He has his clothing, his shoes, his Viagra. His mother keeps nothing there, even though it's rented in her name. There's a description of a motive for him to rent a room in his mother's name because he's subject to a parole or probation condition, I forget which, of no suspicion search. You know, I guess I just have some difficulty seeing why that isn't enough under the Rule 29 standard. Well, the Rule 29 standard, again, Your Honor, I think primarily talks about proximity to contraband being insufficient. And that would go, Your Honor, even if he has clothes and an empty Viagra bottle there. Proximity there for 14 minutes tells us that he was in that room for 14 minutes with contraband, where contraband was in a drawer. No evidence that he ever opened that drawer or knew that that was there. No evidence that he ever looked on the lower shelf and knew that the contraband there was hidden. Well, wait, wait, you say no evidence, but the jury could certainly infer that that visitor who came for two minutes came to do business, right? The jury would have had to infer that, Your Honor, it seems to me, only on the basis of the expert testimony that the government presented. And the reason I keep talking about historical background that says that that makes it likely that my client is connected to the contraband is that the expert testimony by itself, and this is best seen in the 924C cases, expert testimony saying that there's a nexus between the drugs and the gun isn't sufficient. There have to be sufficient facts tying the defendant to the gun. And I would say that that is also true with respect to the contraband. And that is why I go back to the fact that compared to other cases where there were ongoing investigations and some knowledge of what was going on on the premises, that then you could say there was sufficient evidence. Okay. Now I'm going to go back to the question that I was noodling with in my head earlier. Your Honor, at the close of the government's case, the district court denied the defense Rule 29 motion. And at the close of trial, granted the renewed one. Is there any effect, legal effect or logical effect, that we should consider from the initial denial? Your Honor, this requires looking at Rule 29A, then B, then C. And this is ‑‑ I was reading over the transcript of the motion for judgment of acquittal when very early on the court says at the close of the government's case, I probably deemed the motion submitted. And we know that under Rule 29, there are two things that a judge can do. But the judge did not reserve decision. As I read it, the judge denied the motion. And I think for at least the purpose of my question, I'd like you to respond with that assumption in mind. Okay. With that assumption in mind, then, Your Honor, when the court took the motion up again at the close, then it was required. What I believe from Jackson v. Virginia and the cases following it is that it must consider all of the record. And that is the difference. And did the court do that in your view? Your Honor, I think that what the court said is that it read that footnote in United States v. Alexander, which is repeated, I think, in United States v. Cruz, and both sides have pointed to it, which says that in the Ninth Circuit, if the court denies a Rule 29 motion at the close of the government's case and it is renewed at the end of the defense case, that the court, quote, unquote, can, they use the word can, consider evidence from the defense case. And that's the only difference. And what the district court did here was treat that footnote in Alexander as meaning that at the Rule 29C stage, it could choose to consider the case, the defense case or not. What I'm having difficulty struggling with here is, if the district court was not considering anything but the government's case, the second ruling is contrary to the first ruling, which is baffling. And if the district court did consider the defense case, it's baffling in a different way because I don't see anything in the defense case that made the government's case weaker in any material way. So I'm ‑‑ Well, the short answer to the court's question about whether the court considered both cases is that at government's excerpt of Record 1144, when it issued its amended ruling, it did say that should the court consider evidence for the defense case and the government's rebuttal, the government finds the evidence to be sufficient to prove beyond a reasonable doubt that Mr. Hiley had actual or constructive possession. Meaning, I read that paragraph to mean that the court was considering evidence from both cases. It ‑‑ she then goes on to analyze the evidence that was presented in the defense case. And I think that Mr. Mittal understandably disagrees that the testimony of the defense and his mother regarding a third person who had access to the room, a Brett Caddell, who was a friend of hers, the government says that there's no logical inference that he was the person in control of that room. And we would respectfully disagree that there's evidence regarding that. And, indeed, the court notes that at this place in the excerpt of Record that I'm talking about. Counsel, if we reverse the district court's grant of the Rule 29 motion, where does that leave us in terms of the Rule 33 motion? The Rule ‑‑ I believe, I agree with Judge Watford that when Mr. Hiley's trial counsel made his motion and renewed his motions, what he did was renew, seek his motion for a new trial, in part based on the insufficiency of the evidence. At that stage, the district court had much more discretion to reweigh the evidence and to consider the credibility of the witnesses. And the most important thing, one of the more important things in my mind, because I think Judge Graber also noted that my client had a key to enter the room, at the suppression motion the district court had had a hearing in which she found, she made a finding that upon being stopped after he drove away, my client did not have a key to the room. Well, what is your view of the effect of cases like Navarro-Villara and others that say that once a Rule 29 motion is granted, the district court can't essentially say, I'm going to just make as an alternative that if I'm reversed, I'm going to give him a new trial? Oh, Your Honor, I don't read those cases as saying that. I believe that what the cases about Rule 29 and Rule 33 mean are this. The courts of appeals want to know if a district court grants or denies a sufficiency of the evidence motion, whether a district court believes that the jury's verdict preponderates against the evidence. And Rule 29d requires the court to do that, right? Exactly. And so that is what the district court did, and it is a separate analysis at which the district court is free to, for example, reweigh the credibility of witnesses, and Alston is a case in which they did that. But did the district court do that in this case? Did the district court reweigh the credibility of the witness and reassess the evidence after first denying the Rule 29 motion? Well, I think this is where the things that happened at the first trial matter and the things that happened at the suppression motion mattered, in my view. I think the district court was aware in the course of her reweighing the evidence and deciding that it preponderated against the jury's verdict that in part she was considering the fact that when my client drove away from that motel, he didn't have a key. Was that in evidence at the second trial? I wish it had been much more direct. What we had was Officer White, who was the person who first entered the room for the police, saying that he entered with a pass key. And I noticed in my brief last night that I didn't put that page cited, and that is Government's Excerpt of Record 122. He entered with a pass key. We also have the transcript, and I think this is 1174 of the Government's Excerpt of Record, in which some of the officers are talking back and forth in the course of the traffic stop. And after it's been effected, Officer Everett, who is the second witness to testify for the Government, police witness, said to Officer White over the radio, they're talking about getting the cooperation of the manager. And he says, we don't have anything or we have nothing right now. And I think that that supports, although I see that the defense counsel didn't argue that too much, that the police did not obtain a key to that room from my client. And I actually think the district court, when it made its ruling in the suppression motion, makes that clear enough for this court to rely on. So here's a question. In theory, is it permissible for the district court, in ruling on a Rule 33 motion in the second trial, to bring in thoughts from the first trial and the evidence that was induced at the first trial? And I ask that because I think, as Judge Watford was pointing out in his questions earlier in this argument, in the first trial, you know, maybe it wasn't so clear. And so I'm wondering, in theory, what is the district court allowed to consider in a Rule 33 motion when there's been a second trial? I believe that the matters that it can consider are broad. The cases talk of the body of not evidence, but the breadth of its considerations can be very deep and wide. Can that include evidence that's not in the second trial? That is, evidence from the first trial, not just world knowledge and how people operate and what's plausible and who was credible, but evidence, really extraneous evidence, because it was brought out in a previous trial or whatever. If it's in the interests of justice, I think it can. And there's another brief point I wanted to make. Are there any cases that say that? That in a retrial, in assessing a Rule 33 motion, can the trial court consider evidence not in the record of the second trial, but evidence from a previous trial or completely extraneous to the record? No, I looked for cases like that. I didn't find any, Your Honor.  I understand that the district court can consider whether the verdict preponderates against the evidence because of what isn't presented. How can that be? If she's weighing the evidence that the jury considered in making the Rule 33 determination, how then can she consider evidence that was never presented to the jury? If you're saying that the jury's verdict is against the weight of the evidence, it has to be the evidence that was presented to the jury. Otherwise ---- I agree with that. I agree with that. Judge Marshall never said she was doing anything otherwise in her ruling. No. So I don't know why we're having this discussion about what she may have done. She never said she looked at evidence from the first trial. She didn't. Well, actually, she didn't say very much at all about the Rule 33, and that's why we're having a problem. The whole ruling was based on the analysis of the Rule 29 motion. Right. Well, I don't ---- It wasn't, and if I could, if I have a little bit of time ---- You don't, but we'll give you a ---- I want to talk about ---- You're minus five minutes, but you may have one more. I would like to talk about the Rule 29 motion, Your Honor, because I believe that the evidence that the government presented was insufficient. I go back to time, I go back to space, and I have already talked about those matters a bit. But I also want to emphasize that the government had no evidence, other than its expert, who says that this is what he was doing that day. No evidence. But if we agree that the Rule 29 motion and the Rule 33 motion were based on the same analysis, then if the Rule 29 motion was improperly granted, then the Rule 33 motion falls with it. Is that correct? No, I don't agree with that because I believe that the court could reweigh its evidence. Now, the government, I think, says in its argument that the defense case also supported the Rule 29, that there are credibility issues as between the defense case and the defense witnesses. I want to get this point in here, which is a difference between the first trial and the second trial. Very quickly, Your Honors, is that at the first trial, the government called the motel manager, hoping that he would say that the room was my client's room, and he didn't do that. So they didn't recall him at the second trial. In any case, the evidence that the government presented, the government's argument is that its evidence was sufficient, and we believe that, for the reasons I've already stated, it was insufficient, because the standard is reasonable inferences. And, indeed, what we had instead was speculation, that the jury, to make its leaps that my client had dominion and control over the contraband in the room, because he was there for 14 minutes on one day, that is speculation. And if you look at the cases on sufficiency of the evidence, many of them motel room cases, when people are either there with other people or seen there and arrested there in the presence of contraband, that is not sufficient. Counsel, you have vastly exceeded your time, so we're going to hear some rebuttal now. Thank you very much for your argument. Mr. Mittal? Your Honors, I wanted to just address the Rule 33 motion. I wanted to point this Court back to its decisions in McGowan and Navarro-Viara and the other circuits that have ruled on whether ground not presented can be ruled upon by a Rule 33 motion. I think the fundamental concern in those cases is of importance here. In those cases, double jeopardy was the concern that basically said the District Court cannot grant a new trial motion unless the motion is brought by the defendant, and in the other circuits, unless that argument is raised. And I think to give more meaning to the motion that was brought here than is fair, I think, would violate those cases. Well, if Judge Watford is correctly reading the motion as raising the same ground for both motions, that is insufficiency of the evidence to convict, then presumably they rise or fall together. If there wasn't enough evidence, then you lose anyway under Rule 29. And if there was enough evidence, if that's the only ground of the motion, the defendant loses anyway. So I guess I'm not sure why it matters to struggle with whether it was raised. Because I assume that you don't agree with that statement of the law, right? I have to concede that there is a vastly more lenient standard for review under Rule 33 than there is under Rule 29, right? If the District Court had granted the Rule 33 based on a finding that the weight of the evidence was against the verdict, it would be an abuse of discretion. But the District Court didn't do that. Right. Everything in the District, as I read the District Court's analysis, it's strictly on sufficiency. And the alternative ruling also is unexplained except for sufficiency. Yes, Your Honor. I would submit if we're looking at a sufficiency, that does rise and fall, whether the evidence is sufficient under the Rule 29 standards that the District Court as well as the parties articulated. You're having a problem because you see those as two discrete methods of relief, and Rule 33 wasn't really triggered in your view. No, it was triggered under the admission of his parole status. Right, right. So I think that was the only argument that was really before the District Court. I think it was a mistake to apply the sufficiency of the evidence analysis to a Rule 33 motion. I think this Court has been clear on multiple occasions that sufficiency of the evidence is squarely a Rule 29 issue to decide if a judgment of acquittal should be given or not, not whether a new trial. I mean, the purpose of the Rule 33 is to correct some sort of manifest injustice that was not presented here. And I don't think that was what the District Court was doing. I think it simply conflated the two motions maybe because of what was stated in the motion, but that was improper because that was not a proper ground for a Rule 33 motion. I would just briefly respond to the argument that this Court can consider materials outside of the second trial. I also don't have authority to say that you could do that, but I don't think that argument was ever presented that any sort of injustice would have been there. No, I guess I was trying to, in my, I think it probably isn't presented by the District Court's order. I guess I was trying to figure out how the District Court mentally got to the point where it got in this case and that somehow there might have been some spillover from the first trial just in the thinking process. It isn't manifest in the documents. It was just more curiosity on my part. Your Honor, I think we would just focus on what was presented in the order as well as the briefing and state that there was a lot of stuff that happened outside of this one second trial. But in that event, we could be looking at different things like the defendant's criminal history, the confession that was suppressed. There's a lot of different pieces of evidence that we didn't put in which we would think would support our case. We had filed a 404B motion which presented that his knowledge could be proven through his prior acts. There was jail calls that we had that we elected to put in but were denied being put in. So there was a lot of evidence that outside of just the second trial and the first trial that was not even presented to any jury. If the court was to consider all of that, we would suggest that there was more than sufficient evidence. Unless the court has additional questions. I think we don't. The case just argued is submitted. Both of you presented very helpful arguments. We appreciate them very much.
judges: Graber, Rawlinson, Watford